UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ROBERT WOOTEN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 20-3037 (RC) |
| | : | | |
| v. | : | Re Document No.: | 4 |
| | : | | |
| UNITED STATES SENATE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

<u>**MEMORANDUM OPINION**</u>

**GRANTING DEFENDANTS' MOTION TO DISMISS**

## I.  INTRODUCTION

In this case, the Court is presented the question of whether a private citizen can sue the United States Senate to compel confirmation hearings on expired Supreme Court nominations and, potentially, vacate the results of successful ones.  The answer, unsurprisingly, is a resounding no.  Plaintiff Robert Wooten filed this petition *pro se* against the United States Senate, Senator Mitch McConnell, and Senator Charles Grassley (collectively, "Defendants").  Wooten's amended complaint asks this Court to compel the Senate to initiate Supreme Court confirmation hearings for Judge (now Attorney General) Merrick Garland.  Defendants have moved to dismiss this case, arguing that the Court lacks the subject-matter jurisdiction to hear Wooten's claim on both standing and mootness grounds, and that multiple separation of powers principles bar the judicial interference he requests.  For the reasons detailed below, the Court grants their motion to dismiss.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

After the death of Justice Antonin Scalia on February 13, 2016, President Obama nominated Judge Merrick Garland to the Supreme Court.  Am. Compl. at 1, ECF No. 2.  The United States Senate did not act on the nomination and it was returned to President Obama.  *Id.*  Judge Neil Gorsuch filled Justice Scalia's seat on January 31, 2017, following his nomination by President Trump and subsequent confirmation by the Senate.  Mem. of P.'s & A.'s in Supp. of Defs.' Mot. Dismiss ("Defs.' Mot.") at 3, ECF No. 4-1.

On September 18, 2020, Justice Ruth Bader Ginsburg passed, leaving another vacancy on the Supreme Court.  One week later, President Trump nominated Judge Amy Coney Barrett to fill the vacancy.  Am. Compl. at 1.  Three weeks after the nomination, on October 16, 2020, this Court received Wooten's "Petition for Redress Re: Article II."  Pl.'s Pet., ECF No. 1-1.  While Wooten's complaint can be hard to follow, he broadly alleges that the Senate violated its constitutional duties by not conducting hearings for Judge Garland's nomination.  Am. Compl. ¶ 32.  Wooten's challenge appears to originate from his reading of the procedures laid out in Article II of the Constitution.  Pl.'s Suppl. Reply to Impermissible Mot. to Dismiss ("Pl.'s Suppl. Reply") ¶¶ 18–23, ECF No. 6.  Wooten also alleges a violation of his First Amendment rights to free speech and petition because, he argues, the Senate failed to perform its "ministerial duties" when it refused to hold a hearing for Judge Garland.  Am. Compl. ¶ 23.  At the time of the original petition, Wooten asked the Court to order a pause on Judge Barrett's confirmation hearings until confirmation hearings were held for Judge Garland.  Pl.'s Pet. ¶ 27.  Later filings imply that Wooten would now have the Court declare the confirmation hearings for Judge Barrett null and void, at least until Judge Garland's nomination is heard.  Am. Compl. ¶ 32 ("that these improper actions are, and ought to be, set aside and declared null and void.").

2

On January 25, 2021, Defendants filed a motion to dismiss Wooten's complaint. *See generally* Defs.' Mot. Defendants posit that Wooten lacks standing to bring his claim, that his claim is moot, and that various separation of powers principles would be breached if the Court resolved the case in Wooten's favor. *Id*. at 2. This Court issued a Fox/Neal Order that same day, advising Plaintiff to respond to Defendant's Motion to Dismiss on or before February 24, 2021, and warning that a failure to respond or to move for an extension of time by that date might lead the Court to treat the motion as conceded. *See* Fox/Neal Order, ECF No. 5. Wooten replied to the Motion to Dismiss in a timely fashion. *See generally* Pl.'s Suppl. Reply; Pl.'s Reply to Impermissible Mot. to Dismiss ("Pl.'s Resp."), ECF No. 7. The motion is now fully briefed and ripe for review.

### III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Before addressing the merits of a case, a court must always confirm that it has subject-matter jurisdiction. *See James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996). Even if neither party asserts it, a court has a *sua sponte* obligation to raise the issue of Article III jurisdiction because it implicates the Court's subject-matter jurisdiction. *See Michel v. McConnell*, 217 F.Supp.3d 269, 271 (D.D.C. 2016), *aff'd*, 664 F. App'x 10 (D.C. Cir. 2016) (citing *Gettman v. Drug Enf't Admin.*, 290 F.3d 430, 436 (D.C. Cir. 2002)). If a court determines it does not have subject-matter jurisdiction, it cannot afford a plaintiff any relief—injunctive or otherwise. *See Zukerberg v. D.C. Bd. of Elections & Ethics*, 999 F. Supp. 2d 79, 82 (D.D.C. 2013). Courts also "may not . . . 'resolve contested questions of law when its jurisdiction is in doubt.'" *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). If a district court determines at any time that it lacks subject-matter

jurisdiction, then it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

To survive a motion to dismiss for lack of subject-matter jurisdiction, a plaintiff bears the burden of establishing that a court has jurisdiction over their claim. *See Moms Against Mercury v. Food & Drug Admin.,* 483 F.3d 824, 828 (D.C. Cir. 2007). Because Wooten has filed this lawsuit *pro se*, his claim is, admittedly, held to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But *pro se* plaintiffs must still comply with the Federal Rules of Civil Procedure and the Court need not assume the role of plaintiff's advocate. *See Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987); *Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position.").

## IV.  ANALYSIS

Defendants begin by alleging that Wooten lacks the Article III standing necessary to bring this case. *See* Defs.' Mot. at 6–14. Subject-matter jurisdiction does not exist in the absence of Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561 (1992). Article III standing, in turn, requires that the plaintiff have suffered a "concrete and particularized injury" that is "actual or imminent, not conjectural or hypothetical." *Id.* (internal citation and quotation marks omitted). The injury must be "of individual concern"; it cannot be an interest common to all members of the public. *See Michel*, 217 F. Supp. 3d at 271 (quoting *Massachusetts v. Mellon*, 262 U.S. 447, 487 (1923)). Standing also requires a showing of redressability. *Lujan*, 504 U.S. at 561. To establish redressability, a plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable

decision." *Id.* (internal quotation marks omitted).  The redressability element requires more than mere "speculation as to what third parties will do in response to a favorable ruling." *Renal Physicians Ass'n v. U.S. Dep't of Health & Hum. Servs.*, 489 F.3d 1267, 1274 (D.C. Cir. 2007).

Defendants also contend that this case is constitutionally moot.  "Federal courts lack [subject matter] jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."  *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)); *see also Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (noting that a court has "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (citations omitted).  A case becomes constitutionally moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *Conservation Force, Inc. v. Jewell,* 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting *Larsen*, 525 F.3d at 3), or when "intervening events make it impossible to grant the prevailing party effective relief."  *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (quoting *Burlington N. R.R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 688 (D.C. Cir. 1996)).

Given this background, Defendants argue that Wooten's claim "presents a quintessential generalized grievance that does not establish Article III injury in fact."  *See* Defs.'s Mot. at 7.  They posit that Wooten has suffered no actual injury, as he only "alleges an abstract injury common to all members of the public." *Id.* at 9.  Article III's redressability requirement, Defendants argue, is also unmet because an order mandating that the Senate hold hearings for Judge Garland "would not redress any alleged injury" because the position has been filled and the hearings would have no purpose.  *Id.* at 10–11.  Defendants also contend that Wooten's claim

is moot because there is no existing vacancy on the Supreme Court. *Id.* at 13. Any of these arguments, standing alone, would be enough for this Court to determine it lacks the necessary jurisdiction to adjudicate this dispute. Yet Wooten does not address any of the Defendants' standing or mootness arguments in either of his replies to the Motion to Dismiss. *See generally* Pl.'s Reply; Pl.'s Suppl. Reply. Instead, he devotes his attention to complaints about the federal judiciary's alleged misreading of the Constitution and the political maneuvers of Senator McConnell. Pl.'s Suppl. Reply ¶¶ 3–6, 24.

The traditional approach to dropped arguments in this Circuit is to treat them as conceded. "It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC*, 268 F. Supp. 3d 61, 72 (D.D.C. 2017) (quoting *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003)); *see also Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[Local Rule 7(b)] is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."); *Head v. Fed. Bureau of Prisons*, 86 F. Supp. 3d 1, 4 (D.D.C. 2015) (applying this principle to dropped arguments in a *pro se* plaintiff's brief). But given Wooten's *pro se* status, the Court will reach the merits.

The only relevant standing contention the Court can find in Wooten's filings comes from his Amended Complaint. In it, he argues that because he "proceeds directly under authority of the Constitution itself . . . no allegation of 'standing' is required." Am. Compl. ¶ 3. But saying as much will not make it so. Courts must strictly adhere to the jurisdictional standing

requirement. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) (noting Article III standing is a "bedrock requirement"); *Hispanic Affairs Project v. Acosta*, 901 F.3d 378, 395 (D.C. Cir. 2018) (affirming that Article III standing is "[a]n indispensable component of federal court jurisdiction in every case") (citing *Lujan*, 504 U.S. at 560). Furthermore, the inquiry into standing must be "especially rigorous when reaching the merits of the dispute would force us to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Raines*, 521 U.S. at 819–20.

Here, the Court is asked to question both the legislative and executive branches. Did the Senate appropriately wield its power to "advise and consent" to judicial nominees? U.S. Const. art. II, § 2. Can the Court seize the President's power to appoint individuals to the federal bench and re-nominate a nominee from a past administration? *Id.* Special rigor is therefore required. After weighing Wooten's claim for standing with that requisite rigor, it is clear that Wooten has not met his burden to show that the Court has jurisdiction to intervene in this dispute. Specifically, Wooten's generalized grievance, common to all members of the public, does not suffice to meet the injury-in-fact requirement of Article III standing. Even if it did, the alleged harms are both non-redressable and moot because this Court cannot compel Congress to take steps to fill a vacancy that does not exist. Thus, this Court does not have subject-matter jurisdiction and Wooten cannot maintain this action.

The appropriate recourse for those who have a generalized grievance against the political branches is to seek redress through the political process, not the federal courts. *See Lujan*, 504 U.S. at 576; *Michel*, 217 F. Supp. 3d at 271. For this court to address the constitutionality of the activities of another branch without a uniquely injured individual "would be, not to decide a judicial controversy, but to assume a position of authority over the governmental acts of another

and coequal department, an authority which plainly we do not possess." *Michel*, 217 F. Supp. 3d at 271 (quoting *Mellon*, 262 U.S. at 489).  Wooten asks this Court to act beyond its jurisdictional grant of power and yet does nothing to address the Defendants' counterarguments.  His claim therefore stalls at the threshold, and must be dismissed in full.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 4) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  April 21, 2021                                              RUDOLPH CONTRERAS
                                                                                   United States District Judge